**NEN CHEN, Petitioner,**

**v.**

Alberto R. GONZALES,[1] Respondent.

No. 05–4027–ag.

United States Court of Appeals,
Second Circuit.

April 18, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Liu Yu, New York, NY, for Petitioner.

Thomas P. Colantuono, United States Attorney, District of New Hampshire; Mark S. Zuckerman, Assistant United States Attorney, Concord, NH, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Nen Chen, a native and citizen of the People's Republic of China, seeks review of a July 13, 2005 order of the BIA affirming the January 8, 2004 decision of Immigration Judge ("IJ") Robert D. Weisel denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nen Chen,* No. A 79 666 756 (B.I.A. July 13, 2005), *aff'g* No. A 79 666 756 (Immig. Ct. N.Y. City Jan. 8, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We review questions of law and the application of law to fact *de novo.* See *Poradisova v. Gonzales,* 420 F.3d 70, 77 (2d Cir.2005); *see also Mirzoyan v. Gonzales,* 457 F.3d 217, 220 (2d Cir.2006) (per curiam) (noting that the question of whether the mistreatment suffered by an asylum applicant constitutes past persecution "is a mixed question of law and fact, which we review *de novo* ").

■ We agree with the BIA's and IJ's determination that Chen failed to establish past persecution. Chen testified that government officials threatened to take her as a hostage if her brother and father, who were Falun Gong practitioners, did not surrender themselves to authorities. Chen testified that she and her mother then left their home and went to stay at her father's friend's house. In the context of this case, we conclude that the single threat Chen received was not sufficient to meet her burden of showing past persecution. *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (explaining that in order to establish persecution, the harm must be sufficiently severe). Because Chen failed to establish past persecution, she was not entitled to the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1).

■ In addition, we agree with the BIA's and IJ's conclusions that Chen failed to establish a well-founded fear of persecution in China. There is nothing in the record to suggest that the authorities continued to pursue Chen after she left China. Although her family has relocated, her parents and brother remain in China and there is no indication that they have experienced difficulties with the government. Thus, based on the evidence submitted, the IJ properly determined that Chen failed to

establish a well-founded fear of persecution if removed to China. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant's mother and daughters continued to live in applicant's native country, claim of well-founded fear was diminished); *see also In re A–EM–,* 21 I. & N. Dec. 1157, 1159–60 (B.I.A.1998).

■ Furthermore, the IJ reasonably concluded that the mere fact that Chen currently practices Falun Gong in the United States does not establish that she would be persecuted if she returned to China. Chen testified that she normally practices Falun Gong at home, and she did not allege that the Chinese authorities have been apprised of these activities. *Cf. Kyaw Zwar Tun v. INS,* 445 F.3d 554 (2d Cir.2006) (remanding in part due to the IJ's failure to address the question of whether the record evidence established a reasonable likelihood that the applicant would be identified as a political dissident on his return to his home country).

However, the IJ's decision was flawed to the extent that it rested on a lack of corroboration from Chen's mother or sister. The IJ failed to explain why it would be reasonable to expect Chen to provide an affidavit from her mother or sister. An explanation was necessary, given Chen's testimony that her father and brother were "afraid to write letters" because the Chinese government had arrested people who wrote such letters. *See Diallo v. INS,* 232 F.3d 279, 290 (2d Cir. 2000) (holding that before denying a claim based solely on an applicant's failure to provide corroborating evidence, the agency must "explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and

(2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient"). Notwithstanding the above flaw in the IJ's decision, we need not remand because, based on the record before us, "there is no realistic possibility that, absent th[is] error[ ], the IJ or BIA would have reached a different conclusion." *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006).

■ Because Chen was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Lastly, because Chen has failed to sufficiently argue the IJ's denial of her CAT claim before this Court, and because addressing this argument does not appear to be necessary to avoid manifest injustice, any such argument is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.